SARGENT MANUFACTURING CO. *v.* TRAVELERS' INSURANCE CO.

INSURANCE—EMPLOYERS' LIABILITY—PERSONAL INJURIES—ESTOPPEL.

Defendant insured plaintiff against accidents to employés. An injured employé brought suit, alleging failure to warn him of dangers of certain machinery, and charging liability under the common law. Later he amended the declaration so as to set up violation of the statutory duty not to employ plaintiff who was under 16 years of age, at hazardous employment. The insurance company notified insured of the amendment and of the fact that the insurer repudiated liability for casualties caused by violation of the law. Defendant's counsel with the aid of plaintiff's attorney defended the case. By the verdict it was specifically determined that the insured violated the statute. Thereafter defendant wrote that it would conduct the appeal, but without prejudice to its rights under the provisions of the policy excepting such injuries. *Held*, that defendant could not have safely refused to conduct the cause in view of the averments of the declaration setting up a common law liability, and that by reason of plaintiff's silence and acquiescence in defendant's contention, and participation of plaintiff's counsel in the case, plaintiff could not hold defendant on its policy of insurance upon the ground that the insurer was estopped by defending and controlling the litigation.

Error to Muskegon; Sessions, J.   Submitted February
21, 1911.   (Docket No. 54.)   Decided March 13, 1911.

Assumpsit by the Sargent Manufacturing Company
against the Travelers' Insurance Company on a policy
indemnifying plaintiff against accidents to employés.   A
judgment for plaintiff on a verdict directed by the court
is reviewed by defendant on writ of error.   Reversed and
no new trial ordered.

*Fred L. Vandeveer,* for appellant.

*Nims, Erwin, Vanderwerp & Foote,* for appellee.

Complainant was the holder of an employer's liability
insurance policy in defendant company when, on August
14, 1906, one Sofus Lund, an employé 15 years of age,
was injured while performing the duties of tailer on a
planer.   Notice of the injury was at once given defendant,
as required by the terms of the policy, and a representa-
tive of the defendant interviewed a representative of
plaintiff and was given information relative to the acci-
dent.   Lund brought suit against plaintiff on September
25, 1907.   In his original declaration, he charged defend-
ant (plaintiff herein) with the following acts of negligence:

(1) Failure to warn and instruct plaintiff of the danger-
ous character of the machine.

(2) The danger of attempting to remove obstructions
from the machine or knives in the space wherein they re-
volved.

(3) The violation of common law in hiring plaintiff of
unsuitable and tender age and inexperience in a hazard-
ous and dangerous occupation.

(4) Failure to point out to plaintiff specifically the par-
ticular dangers.

This declaration was turned over to the defendant in-
surance company, and an appearance was duly entered on
behalf of the plaintiff herein by the attorney for the in-
surance company.   An amended declaration was later
filed by Lund, in which he charged defendant with a vio-

lation of the statutory duty imposed by section 3 of Act No. 113 of the Public Acts of 1901.

Upon receipt of the amended declaration by defendant, it caused to be written to plaintiff herein the following letter:

"SARGENT MFG. CO.,
      "Mr. C. W. CUNNINGHAM, Manager,
                        "Muskegon, Mich.

" *Dear Sir:*
"You will find herewith inclosed a copy of an amendment which plaintiff has proposed to his declaration. He charges you with the hiring of the boy illegally and contrary to the statute. Beg to advise you that if the plaintiff proves this allegation at the trial of the cause, we cannot pay the judgment, as we can do nothing to uphold or encourage a person in the violation of the law, and for the further reason that we expressly stipulate in our policy that we will not cover you in illegal employment cases."
    Signed by "FRED L. VANDEVEER, Attorney."

This letter is written on the stationery of the Travelers' Insurance Company and bears date December 30, 1907. Plaintiff herein seems to have made no reply to this communication. When the case came on to be tried, Mr. Fred L. Vandeveer appeared on behalf of the defendant and was assisted in the defense by Mr. Foote, counsel for plaintiff.

Upon this trial the court charged the jury, in part, as follows:

"At the time the plaintiff received the injury in question, there was a statute in this State which provided that no child under the age of 16 years should be employed by any person, firm, or corporation conducting any manufacturing establishment in this State at employment whereby its life or limb is endangered. In the language of another instruction requested by defendant, plaintiff bases his claim for recovery on the theory that he was employed contrary to law, which prohibits the employment of minors under the age of 16 at work dangerous to life and limb, and I charge you that you can return no verdict in favor of the plaintiff on any other theory, be-

cause the evidence discloses that plaintiff would be barred from recovery on any common-law allegation of negligence. To entitle plaintiff to recover in this case he must have established, by a fair preponderance of the evidence in the case, *first*, that at the time of his employment by the defendant he was under the age of 16 years; *second*, that the employment was such as to endanger his life or limb; *third*, that he was injured while in that employment; *fourth*, that he was not guilty of negligence himself which contributed to his injury; and, *fifth*, such facts as will enable you to determine and fix the amount of his damages."

The following special question was submitted to, and answered by, the jury:

"In event of your finding a verdict for the plaintiff, do you base that verdict upon the negligence of the defendant in employing the plaintiff in violation of the statute, which provides that no child under the age of 16 years shall be employed at employment whereby its life or limb is endangered."

And the same was answered, "Yes."

The jury found a general verdict against defendant (plaintiff herein) in the sum of $2,947.60, and judgment was entered thereon. Thereafter the attorney for the insurance company wrote the following letter to Mr. Foote, attorney for plaintiff herein:

"Lund v. Sargent Mfg. Co.,
"Feb. 2, 1909.
"Mr. WALLACE FOOTE,
"Attorney at Law, Muskegon, Mich.
"*Dear Sir:*
"In view of the fact that our motion for a new trial is to be simply formal, it would be appreciated if you would draft the same and present it to the judge on motion day for his consideration. Under our practice, the Supreme Court has held, as you undoubtedly know, that when the motion is overruled, Judge Sessions ought to file a written opinion, and if he omits to do so, we ought to make a demand upon him in writing and save exceptions to his refusal to grant a new trial, or for his failure to assign reasons for his refusal to file a written opinion. If the

motion for a new trial is denied, will you request the reporter to prepare a transcript of the testimony, and I will proceed to perfect an appeal to the Supreme Court?

"I presume that you will see to the execution and filing of the $3,500 bond demanded by the court within the proper time.

"If Mr. C. W. Cunningham will send me an itemized statement of witness Fred Cunningham's expenses, I will approve the same and have a draft issued to his order in payment of it.

"Our policy limit is but $1,500, and even if we were absolutely liable to our policy holder in this case, our liability would be to that extent only.    However, we do not believe that this is a case properly upon us for attention, as-it does not come within the terms of the policy, but we do not want to make any *ex parte* ruling at this time and are going to do everything possible to successfully handle the litigation for the Sargent Manufacturing Co., but I again want to reiterate that everything that we are doing is without prejudice to the rights of our insured or ourself.
"Very truly yours,
Signed by            " FRED L. VANDEVEER."

The judgment in favor of Lund was affirmed in this court (158 Mich. 3 [122 N. W. 372]), and thereafter, defendant refusing to recognize a liability under its policy, suit was commenced by plaintiff to recover the sum of $1,500, the limit of defendant's individual liability thereunder.    Under the plea of the general issue, defendant set out clause B, section B, of the policy contract, as follows:

"This policy does not cover loss from liability on account of such injuries (including death) caused or suffered by    *    *    *    (b) any person employed in violation of law as to age or under the age of fourteen years, where there is no legal age limit."

The court, in directing a verdict for plaintiff for the amount claimed, said in part:

"The plaintiff claims that it is entitled to recover in this case, notwithstanding that provision in the policy, for the reason that under other provisions of the policy the

insurance company assumed the defense and took charge of the defense, and agreed that it would defend against the suit of Sofus Lund, and that by so doing it has rendered itself liable where it might not otherwise be liable. In other words the contention of the plaintiff is that it could not affirm the contract in part—that is, the contract in the policy of insurance—and repudiate it in other parts; and, as I say, it is unnecessary to review before you my findings in that regard, but I hold that the contention of counsel for plaintiff is the correct contention, and that this defendant having been fully advised of the facts pertaining to this injury and of the employment of Sofus Lund, and having agreed thereafter to defend, having actually defended and taken charge of that case and conducted it, cannot now be heard to say that it is not liable for the amount of the policy under which it was acting."

Judgment having been entered upon the directed verdict, defendant brings the case to this court for review, by writ of error.

BROOKE, J. (*after stating the facts*). It will be noted that the learned circuit judge directed a verdict against defendant, upon the ground that, being fully advised of the facts as to the employment and injury of Lund, it elected to assume the defense of the action, instead of repudiating its liability. This direction assumes, *first*, that the duty of election rested upon defendant, and, *secondly*, that, in participating in the defense, it indicated an election to be bound, despite the limitations of its liability, under its contract with plaintiff. That contract provided, among other things, that if thereafter any suit, even if groundless, should be brought against the assured to recover damages on account of such injuries as are covered by the policy, the company would, at its own cost, defend against such suit in the name and on behalf of the assured.

It is clear, therefore, that it was the duty of defendant to appear for the insured and undertake the defense of the case in the first instance. Had a judgment been rendered under the original declaration, defendant's liability under

its policy would have been certain.  As soon as the amendment to the declaration which charged the breach of a statutory duty, not covered by the policy, was received by defendant, it at once notified plaintiff of the situation and called attention to the fact that, if the assured should be held liable upon that ground, it would not pay the judgment.  Plaintiff must be held to have acted thereafter with full knowledge of defendant's attitude as to liability. By its silence and subsequent participation, through its counsel, in defense of the action, it acquiesced therein.  It is quite clear that defendant could not, with safety to itself, have repudiated liability under the policy.  If Lund succeeded in recovering under his allegations of common-law liability, defendant was liable.

Under the amendment, defendant could not, as a matter of law, determine for itself whether or not the assured had employed Lund at labor dangerous to life and limb, in violation of the statute.  That contention raised a question of fact for the determination of the jury, as we have repeatedly held.  *Sterling* v. *Carbide Co.,* 142 Mich. 284 (105 N. W. 755); *Braasch* v. *Stove Co.,* 147 Mich. 676 (111 N. W. 197); *Dalm* v. *Paper Co.,* 157 Mich. 550 (122 N. W. 257).

The case here considered is readily distinguishable from the case of *Tozer* v. *Guarantee Corporation, Ltd.,* 94 Minn. 478 (103 N. W. 509), cited and relied upon by plaintiff.  In that case, after investigation, the insurance company advised the assured he was not liable and itself—

"Accepted the control and defense of the action in the full belief on the part of both respondent and appellant that the claim so made against respondent was a loss within terms of the policy; that with full knowledge of the nature and character of the claim, appellant assumed the defense of the action, and employed an attorney who conducted the defense in the name of plaintiff, as provided by the contract.  *  *  *  Relying upon such course of conduct, respondent changed his attitude in respect to the case, and, instead of reserving to himself the right to select

his own counsel, conduct a trial, or make settlement, he turned over to appellant the entire matter."

It was properly held that the insurance company, by its conduct, had estopped itself from denying liability. No such situation is presented by the case at bar. Plaintiff herein was seasonably advised of the position of the insurer upon the question of liability. It was not misled by any act of the insurer into surrendering control of the litigation or refusing to make a settlement of the claim. It had ample opportunity to do either after receipt of defendant's letter defining its position. Moreover, it did not surrender the defense of the action to the insurance company. It retained its personal counsel to appear and assist in its defense at the trial.

The other cases cited by plaintiff, viz., *Royle Mining Co.* v. *Casualty Co.*, 126 Mo. App. 104 (103 S. W. 1098), *Globe Navigation Co., Ltd.* v. *Casualty Co.*, 39 Wash. 299 (81 Pac. 826), and *Glens Falls, etc., Cement Co.* v. *Insurance Co.*, 11 N. Y. App. Div. 411 (42 N. Y. Supp. 285), have been examined, but, in our opinion, are not applicable to the facts as they exist in the instant case.

The case of *Frank Unnewehr Co.* v. *Accident Ins. Co.*, 176 Fed. 16 (99 C. C. A. 490), is, as to the facts, very similar to the case at bar. There the defense to the suit brought by the boy was conducted jointly by the attorneys of plaintiff and defendant, but without prejudice to the rights of either. A judgment was recovered by the boy, which the plaintiff paid, and the defendant refused to reimburse plaintiff. It is urged by plaintiff herein that the case is to be distinguished from the case at bar, because there was an express agreement—

"That the defense to the suit brought by the boy was conducted jointly by the attorneys of plaintiff and defendant, but without prejudice to the rights of either."

We are unable to make the distinction. By its silence on receipt of the letter and its subsequent action in assist-

ing in the defense, it must be held to have accepted the terms proposed by the defendant in its letter of notification.

The judgment is reversed, and, inasmuch as there is no disputed question of fact, there will be no new trial.

Bird, Hooker, Moore, and Stone, JJ., concurred.