CHARLES C. MILLER, Respondent, *v.* UNION INDEMNITY COMPANY,
                        Appellant.

Fourth Department, May 21, 1924.

Insurance — automobile collision insurance — action under Insurance
   Law, § 109, by injured party against insurance carrier to recover after
   execution returned unsatisfied on judgment against insured — defense
   that insured breached condition of policy in failing to give insurance
   carrier names of witnesses — sole question submitted to jury was
   whether insured breached condition — condition was waived by insurance
   carrier defending action against insured — plaintiff not required to
   allege waiver — " insolvency " as used in Insurance Law, § 109, does
   not mean judicially declared insolvency — sole question submitted to
   jury was immaterial — in absence of motion for directed verdict new
   trial will be granted.

In an action under section 109 of the Insurance Law against an insurance carrier
   to recover after an execution issued on a judgment in an action against an
   automobile owner based on negligence was returned unsatisfied, in which the
   insurance carrier interposed the defense that the insured had broken a con-
   dition of the policy requiring him to furnish the insurance carrier with the names
   of witnesses known to him, the sole question submitted to the jury was whether
   or not the conduct of the insured in failing to furnish the names of witnesses
   materially prejudiced the insurance carrier in the defense of the action brought
   by the plaintiff against the insured, and the jury returned a verdict in favor of
   the plaintiff.
This question, however, is immaterial since the undisputed evidence establishes
   that the insurance carrier by appearing and defending the action brought against
   the insured, waived its right to later insist that it was not liable under the con-
   tract because of a breach of a condition by the insured.
The plaintiff was not required to anticipate the defense of the insurance carrier
   and to plead a waiver by it of the breach of the condition by the insured.
The word " insolvency " as used in section 109 of the Insurance Law must be
   given its usual broad meaning of general financial irresponsibility and will not
   be construed as referring only to a judicially declared insolvency.
Inasmuch, however, as the plaintiff did not move for a direction of a verdict on
   the ground of waiver, it is apparent that the parties were not heard in the trial
   court upon that question and, therefore, the ends of justice require a reversal
   of the judgment in favor of the plaintiff and the granting of a new trial on the
   ground that the verdict was rendered upon an immaterial issue and the judg-
   ment, therefore, rests upon an erroneous theory.

APPEAL by the defendant, Union Indemnity Company, from a
judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Erie on the 2d day of Octo-
ber, 1923, upon the verdict of a jury, and also from an order entered
in said clerk's office on the same day denying the defendant's motion
for a new trial made upon the minutes.

*Frank Gibbons,* for the appellant.

*Karl A. McCormick,* for the respondent.

SEARS, J.:

On the 2d day of October, 1921, a collision took place between a motor car driven by the plaintiff and a motor car driven by William A. Loree. The accident was caused solely by the negligence of Loree. At this time Loree was covered by a policy of automobile liability insurance issued by the defendant. Plaintiff brought suit against Loree and recovered judgment for his damages. Execution was issued upon the judgment which was returned unsatisfied and this action was then begun to recover under a provision of the policy inserted in accordance with the requirement of section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1918, chap. 182, and Laws of 1920, chap. 563)* to the effect that the insolvency or bankruptcy of the insured should not release the insurance carrier (defendant) from the payment of damages for injuries sustained during the life of the policy and that in case execution against the insured should be returned unsatisfied in an action brought by the injured person because of such insolvency or bankruptcy, then an action might be maintained by the injured person against the corporation (defendant) for the amount of the judgment in said action, not exceeding the amount of the policy.

The promises of indemnity contained in the policy were, however, made expressly subject to certain conditions which include the following: " Upon the occurrence of an accident the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the executive office of the company in New Orleans, La., or to its duly authorized agent. If claim is made on account of such accident, the assured shall give like notice thereof with full particulars. The assured shall at all times render to the company all co-operation and assistance in his power. * * * Whenever requested by the company, the assured shall aid in securing information and evidence and the attendance of witnesses, and in effecting settlement, and in prosecuting appeals."

The policy also provided that in case of suit the company undertook to defend the suit, whether groundless or not, at its own expense.

The defendant relied upon a breach of the above-quoted conditions arising through Loree's failing to give to the defendant the

---

* Since amd. by Laws of 1923, chap. 434, and Laws of 1924, chap. 639.— [REP.

names and addresses of witnesses of the accident known to him. The plaintiff on the other hand contended that there was no substantial breach of the conditions of the policy by Loree in this respect. The learned trial court submitted to the jury the question whether the conduct of Loree materially prejudiced the defendant in the defense of the action brought by plaintiff against Loree and the jury verdict in favor of the plaintiff determined that it did not. No other question was left to the jury and the jury was charged without exception that a breach of the condition of the policy quoted, provided it prejudiced the defendant in the defense of the prior action, was a bar to recovery here.

The defendant urges upon this appeal that Loree breached the condition as matter of law and that its motion for a dismissal of the complaint should have been granted.

There is authority holding that this defense is available in an action brought by the beneficiary under the terms of section 109 of the Insurance Law. (*Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796; *Roth* v. *National Automobile Mutual Casualty Co.*, 202 id. 667.)

In this case, however, we are not called upon to pass upon the proposition that Loree's conduct may constitute a bar to a recovery by plaintiff against defendant because the undisputed evidence in the record establishes a waiver by the defendant of any such defense.

The defendant with full knowledge of the falseness of Loree's statement in all its details undertook the conduct of Loree's case in the former action. Shortly previous to the time of the trial of that action, the defendant's lawyers requested Loree to sign an instrument stipulating that the defendant's conduct of his case at that trial should not be taken as a waiver on the part of the defendant of any defense under the policy in any action brought by the plaintiff. Loree declined to sign this and demanded that the defendant conduct his case as it agreed in its policy. A letter was then written to Loree by the attorneys for the defendant stating that the defendant would conduct the defense, but adding, " It is the claim, however, of the said company [the defendant] that you have violated the terms of the policy mentioned by you and that all obligations on their [the company's] part has ceased thereby."

When confronted with this situation, assuming that the alleged defense was valid, the defendant was put to an election. It could stand on its defense and refuse to go on, or it could abandon such defense and conduct the insured's side of the action. It could not do both. The choice of the latter course was inconsistent with the

maintenance of a claim of no liability. (*Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 id. 653; affd., 233 N. Y. 549.)

The plaintiff when framing the complaint was under no necessity of anticipating the defendant's position and pleading a waiver by the defendant of breach of condition by Loree. The waiver was available to plaintiff without being pleaded. (*Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 App. Div. 218.)

In *Gordon* v. *Massachusetts Bonding & Insurance Co.* (229 N. Y. 424), relied upon by the defendant, the company was not conclusively advised of the breach of the policy when it undertook the defense, the facts being fully disclosed only upon the trial itself and the elements of waiver were absent. The same is true of *Mason-Henry Press* v. *Ætna Life Insurance Co.* (211 N. Y. 489).

The defendant also claims that the word " insolvency " in section 109 of the Insurance Law (as amd. *supra*) and in the policy must be construed as referring only to a judicially declared insolvency and not to a general financial irresponsibility. This argument is based on the fact that if insolvency is given its usual broad meaning, the addition of " bankruptcy " in the phrase " insolvency or bankruptcy " would be redundant, and that, therefore, a narrower meaning must be given to the word " insolvency." Our experience has not shown so careful a use of language in statutes or legal documents as to allow us to give weight to such an argument. The redundancy and tautology of legal phraseology is proverbial, and the word " insolvency " here must be given its usual broad meaning especially as the construction claimed by the defendant would largely defeat the purpose of this remedial statutory provision.

We are embarrassed, however, in determining this appeal by the course of the trial which we are called upon to review. As we have pointed out, the question submitted to the jury was, upon the undisputed evidence, wholly immaterial. Had a motion been made by the plaintiff for the direction of a verdict on the ground of waiver and had it been denied, we might direct such verdict here and affirm the judgment. (Civ. Prac. Act, § 584.) But, in the absence of such a motion in the record before us, it is apparent that the parties were not heard in the trial court upon the question of waiver. We have, therefore, determined that the ends of justice require a reversal of the judgment appealed from and a new trial on the ground that the verdict was rendered upon an entirely immaterial issue and the judgment, therefore, rests upon an erroneous theory.

The judgment and order should be reversed upon the facts and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.