LOUIS R. HERMANCE, Respondent, v. GLOBE INDEMNITY COMPANY, Appellant.

MARY L. HERMANCE, Respondent, v. GLOBE INDEMNITY COMPANY, Appellant.

Third Department, July 1, 1927.

**Motor vehicles — liability of insurance carrier — defense of failure of assured to give notice — assured claimed excuse on ground that there was no accident — insured failed, however, to notify insurer of investigation — court properly submitted to jury whether insured should not have notified insurer — insurer defended primary action but distinctly reserved all rights under policy — error to submit question of waiver to jury.**

The owner of an automobile who carries an automobile liability insurance policy under the terms of which he is required to report any accident to the insurer may be, notwithstanding his contention that no accident whatsoever occurred, required to report that an investigation was instituted in which he was questioned and that a coroner's inquest was held at which he was present. Notwithstanding the fact that he did not know that an accident had occurred in which he was involved, nevertheless it is his duty under the policy to report the facts of the investigation which would indicate that those injured believed that the accident was caused by him.

The insurance carrier, notwithstanding it defended the primary action brought by the injured person against the insured, may, in an action against it by the injured person, under section 109 of the Insurance Law, assert the defense that the insured did not inform it of the accident as required by the policy, where it, in defending the primary action, distinctly reserved all rights under the policy.

It was error for the court to refuse to charge, as requested by the defendant, that the defendant reserved all its rights under the terms of its policy in defending the actions which were brought against the insured, and it was error for the court to submit the question of waiver to the jury.

DAVIS, J., dissents.

APPEAL by the defendant in each of the above-entitled actions from a judgment of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Ulster on the 27th day of December, 1926, upon the verdict of a jury for $633.53 in the first above-entitled action and $5,106.94 in the second above-entitled action, and also from an order entered in each action on the same day denying defendant's motion for a new trial made upon the minutes.

*Ireland & Caverly* [*F. A. W. Ireland* and *W. C. Fiest* of counsel], for the appellant.

*Floyd W. Powell* [*William A. Kaercher* of counsel], for the respondents.

COCHRANE, P. J. These actions were tried together and are brought by appeal into this court on one record. The plaintiffs are husband and wife. They both recovered judgments against one Seides for damages growing out of a collision between an automobile owned and operated by him and a bus in which the plaintiff Mary L. Hermance was a passenger. She recovered a judgment for her personal injuries owing to the negligence of Seides in causing said collision and her husband, the plaintiff Louis R. Hermance, recovered a judgment for damages resulting from the injuries to his wife. The accident occurred September 1, 1923. Seides was protected against the accident by a policy of liability insurance issued by defendant. He appealed from the judgments against him which were duly affirmed. (*Hermance* v. *Seides,* 216 App. Div. 775.) Executions upon the judgments were returned unsatisfied. The present actions are brought against the defendant under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1920, chap. 563).

The policy was subject to the following conditions: " Upon the occurrence of an accident resulting from the ownership, maintenance or use of any automobile to which this policy applies, the Assured shall give immediate written notice thereof with the fullest information obtainable at the time to the Company or to one of its duly authorized representatives. The Assured shall give like notice with full particulars of any claim made on account of such accident. If thereafter suit is brought against the Assured to enforce such claim the Assured shall immediately forward to the Company every summons or other process that may be served upon the Assured." There was also the further condition that the assured should " co-operate with the Company, except in a pecuniary way, in all matters which the Company deems necessary in the defense of any suit or in the prosecution of any appeal."

The defense herein is that Seides did not give the defendant notice of the accident nor of any claim made against him on account thereof and that he did not co-operate with the defendant in the defense of the actions brought against him. It is conceded that no notice was given to the defendant until after the commencement of the Seides actions in March, 1924, more than six months after the accident. The excuse for not giving such notice was that no accident occurred. Seides denied all knowledge of the accident. He denied the accident in his verified answers in the actions brought against himself. He denied it on the trial of this action. Nevertheless the jury found on the former trials that the accident occurred. If he was unaware of the accident his policy did not require him to perform impossibilities. He could not give the company notice

of that which he did not himself know. It is perhaps strange that at the trial of these actions no evidence was offered as to the circumstances of the accident as tending to show knowledge thereof by Seides. The collision, however, was of sufficient force to seriously injure one of the plaintiffs and it does appear from the pleadings that Seides was operating the car at the time of the accident. Two days after the accident Seides was stopped on the road by a traffic officer, a State trooper, the driver of the bus, and another person who told him about the accident and interrogated him for half an hour as to the occurrence thereof. His name, address and license number were taken. Scratches were found on the car and he was interrogated in regard to them. He made no report of these facts to the insurance company. About a month thereafter he was subpœnaed as a witness at a coroner's inquest and pursuant thereto attended at Kingston, N. Y., from his home in New York city. The record is silent as to the nature of this inquest but it related in some way to the accident. He was not called as a witness and was not in the room where the inquest was held but was told by another witness that his automobile and the details of his trip at the time of the accident were under investigation. He gave the insurance company no notice of any of the events connected with the coroner's inquest nor of the information which he had received indicating that he was under suspicion as the person who caused the accident. The trial justice properly submitted to the jury the question whether under all the facts and circumstances Seides had sufficient information to persuade him as a reasonable man that he was in an accident and that under his policy he should have given written notice to the company of the particulars thereof. It was established in the actions against him that he did cause the accident on September 1, 1923. The jury were at liberty to find that he knew about the accident or at least that from all the circumstances he knew that he was under suspicion and that it was his duty to investigate and to give his insurance company notice long before the expiration of six months after the accident happened of the facts within his knowledge including the investigation and inquiries made of him above mentioned.

The plaintiffs, however, contend that even if Seides was guilty of a breach of contract in regard to notice, the defendant waived such breach. The trial justice submitted to the jury the question of waiver and this presents the serious aspect of the case. If the submission of this question to the jury was error a reversal of the judgment must follow because the verdict of the jury was a general verdict and it is, therefore, impossible to determine that the verdict is not based on this question of waiver. The jury under the charge

of the court may have found that there was a breach of the contract by Seides in not giving the necessary information to the company of the accident or claim against him, but at the same time they may have found that the defendant waived such breach of contract. The verdict having been general we must assume that the jury took this latter view of the case.

The facts bearing on the question of waiver are as follows: When the plaintiffs brought their actions against Seides on March 21, 1924, he mailed the summons and complaint in each action to the defendant. The latter immediately on March 22, 1924, advised him by letter as follows: " The same are receiving our immediate attention; subject, however, to a complete reservation of the company's rights under the terms and conditions of its policy, pending an investigation as to the cause of the delay in reporting the accident." As stated above, this was the first intimation the defendant had of the occurrence of the accident. On March 28, 1924, defendant verified the answers in the two actions denying its occurrence. This was at the office of the attorney for the company who prepared the answers. At that time Seides says that one of the attorneys for the company explained to him " the clause in the policies " and that the attorney " said that they waived no rights of the statements in the policy " and that " these answers were prepared under the conditions of this letter of March 22d." When the appeal was taken from the Seides judgments by the attorney for the insurance company Seides signed an agreement that the said company did not waive any of its rights under the terms and conditions of the policy. As has been stated, Seides always denied and still denies the accident. At the identical time when he was told by the attorney of the defendant that it waived none of its rights under the policy he was verifying his answers in the actions against himself denying his participation in the accident. In an action similar to this (*Gordon* v. *Massachusetts Bonding & Ins. Co.*, 229 N. Y. 424, 433) Chief Judge HISCOCK said: " So far as I perceive, no one claims that the defendant might not believe its customer and if it did it was its duty to defend as it did. But in doing this it took the precaution consistently and repeatedly to say that if it turned out that the insured was wrong and had harbored a vicious horse which caused the trouble it would stand upon its policy and refuse liability." We think this case is controlled by the *Gordon Case* (*supra*) and other similar cases of which *Mason-Henry Press* v. *Ætna Life Ins. Co.* (211 N. Y. 489) and *Meyers* v. *Continental Casualty Co.* (12 F. [2d] 52) are types. In those cases the insured parties were the plaintiffs. But it has been held that in an action such as this by

an injured person against an insurance company the latter may assert any defense which it might have asserted in an action by the insured. . (*Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796; *Roth* v. *National Automobile Mutual Casualty Co.*, 202 id. 667; *Coleman* v. *New Amsterdam Casualty Co.*, 126 Misc. 380.) The owner of an automobile is not required to procure liability insurance. When he does so it is for his own protection. The rights which an injured party has under the statute against the company are no greater than those which the assured possesses. Such is the logical reasoning of the cases above cited. Respondents place reliance on the cases of *Miller* v. *Union Indemnity Co.* (209 App. Div. 455) and *Utterback-Gleason Company* v. *Standard Accident Ins. Co.* (193 id. 646). They are not in point. Their obvious distinguishing feature is that the defendant with full knowledge of the breach of contract by the assured conducted the defense of the assured in the primary action. Here the defendant was ignorant of the breach of contract. In the *Miller* case the assured also refused to sign a waiver while demanding that the defendant conduct his defense.

It was error for the court to refuse to charge as requested by the defendant " that the company reserved all its rights under the terms of its policy in defending the actions which were brought against Seides in the original action." The defendant explicitly reserved its rights in defending Seides and he consented to such defense without objection. Under these circumstances there was no waiver. (*Gordon* v. *Massachusetts Bonding & Ins. Co.*, 229 N. Y. 424, 432; *Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118.) In the latter case it was held: " Undoubtedly with the consent of the assured the company may assume power over the litigation and reserve the right to repudiate liability thereafter, and the consent may be either expressed or inferred from the acquiescence of the assured. * * * If the company were ignorant of the facts upon which the invalidity of the policy depended, the assumption of the defense would not be evidence of a waiver."

For error in submitting to the jury the question of waiver we think the judgments and orders should be reversed on the law and a new trial granted, with costs to the appellant in one action to abide the event.

VAN KIRK, HINMAN and WHITMYER, JJ., concur; DAVIS, J., dissents on the ground that the plaintiff had some beneficial interest in the policy under section 109 of the Insurance Law (See *Merchants Mutual Automobile Liability Ins. Co.* v. *Smart*, 267 U. S. 126, 129);

and that the defendant having made an election to defend the action cannot now, as to the plaintiff, assert non-liability under the policy. (*Miller* v. *Union Indemnity Co.*, 209 App. Div. 455, 457; *Utterback-Gleason Company* v. *Standard Accident Ins. Co.*, 193 id. 646, 653.)

Judgment and order in each action reversed on the law and new trial granted, with costs to the appellant in one action to abide the event.