MICHAEL SELTZER, Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

RUTH SELTZER, an Infant, by MICHAEL SELTZER, Her Guardian ad Litem, Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

ROSE GILBERT, Respondent, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

(Submitted November 22, 1929; decided December 3, 1929.)

*James I. Cuff, Harold V. Angevine* and *Grattan B. Shults* for appellant. The trial court erred in directing verdicts in favor of the plaintiffs and against the defendant. (*Higgins* v. *Eagleton*, 155 N. Y. 466; *Citizens' State Bank* v. *Cowles*, 180 N. Y. 346.) There was collusion and failure to co-operate on the part of the insured. (*Clark* v. *Traver*, 205 App. Div. 206; 237 N. Y. 544; *Sheehan* v. *Coffey*, 205 App. Div. 388; *Joyce* v. *Brockett*, 205 App. Div. 770; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Mullen* v. *U. S. Casualty Co.*, 225 App. Div. 719; *People* v. *Doody*, 172 N. Y. 165; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Rosenberg* v. *Ocean Accident & Guarantee Corp., Ltd.*, 251 N. Y. 563.) Whether defendant waived its defenses under the policy, was at best a question of fact for the jury. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Mullen* v. *U. S. Casualty Co.*, 225 App. Div. 719; *Hermance* v. *Globe Indemnity Co.*, 221 App. Div. 394; *Gordon* v. *Mass. Bonding & Ins. Co.*, 229 N. Y. 424; *Mason-Henry Press* v. *Ætna Life Ins. Co.*, 211 N. Y. 489; *Weiss* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 131 Misc. Rep. 836; *Solomon* v. *Preferred Accident Ins. Co.*, 132 Misc. Rep. 134.)

*Jacob C. Brand* and *Harry H. Bernstein* for respondents. There was no material issue of fact to be submitted to the jury, hence there was no error in directing verdicts for the plaintiffs. (*Tolmie* v. *Fidelity & Casualty Co.*, 95 App. Div. 352.) There was no evidence of failure to co-operate. (*Boyarsky* v. *New Amsterdam Casualty Co.*, 219 App. Div. 784; *Howard* v. *Reid*, 225 App. Div. 399; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Rushing* v. *Commercial Casualty Ins. Co.*, 225 App. Div. 49; 251 N. Y. 302.) The defendant waived all defenses by proceeding to trial in the primary actions. (*Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; *Farrell* v. *Merchants' Mut. Auto L. Ins. Co.*, 203 App. Div. 118; *Sachs* v. *Maryland Cas. Co.*, 170 App. Div. 494; *Glens Falls Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 App. Div. 646; 233 N. Y. 549; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.)

CRANE, J. Jacob Wasserman, residing in Brooklyn, Kings county, owned an automobile and was insured by the Indemnity Insurance Company of North America against personal liability for negligence. On the 24th day of July, 1923, he was driving on the State road near Highview, Sullivan county, New York, when his automobile turned over and three people were injured, Michael Seltzer, Ruth Seltzer and Rose Gilbert. These people were close personal friends of Wasserman. Michael Seltzer had been in the real estate business with Wasserman for some years. Although the real estate transactions were carried on through a corporation, Wasserman and Seltzer acted toward each other as if they were partners. Ruth Seltzer was the daughter of Michael Seltzer. Rose Gilbert was the daughter of another partner of Wasserman's and worked for the Thirteenth Avenue Building Corporation, through which the partners or associates did business.

These three people sued Wasserman and retained for this purpose the law firm of Barnett & Mintz, who were Jacob Wasserman's personal attorneys and legal advisers. The actions came on for trial resulting in judgments; one for Michael Seltzer for $987; one in favor of Ruth Seltzer for $987, and one in favor of Rose Gilbert for $1,427.

Jacob Wasserman was insolvent, whereupon these actions were brought against the insurance company pursuant to section 109 of the Insurance Law (Cons. Laws, ch. 28) of the State of New York, which provides that the insolvency of the person insured shall not release the insurance carrier from the payment of damages sustained and that an action may be maintained by the injured person against the insurance company under the terms of the policy for the amount of the judgment which has been recovered. The policies of the defendant, in compliance with this law, contained the same provision. The company is liable according to the terms of the policy. The policy contained the following: " the assured shall at all times render to the company all co-operation and assistance in his power and whenever requested shall aid in securing information as evidence and the attendance of witnesses and in prosecuting appeals." If Jacob Wasserman failed to comply with this condition of the policy he could not recover for any liability which he had met by payment, neither could the persons recovering the judgments, in case of his insolvency and non-payment. They stand in his shoes and can only recover under the policy and this section of the Insurance Law when the assured has complied with this condition of the policy. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271.)

The insurance company defended on the trial, pressed upon the attention of the court that Jacob Wasserman had not only failed to co-operate and assist the defendant in resisting these claims but had gone so far as to wrongfully aid and assist a recovery by the plaintiffs. The

court, however, took the question from the jury and directed a verdict in favor of the plaintiffs for the amount of the judgments above stated. In this we think he was in error. The evidence should be submitted to the jury to determine whether Jacob Wasserman failed to comply with the above-quoted condition in the policy.

After the commencement of the actions by his friends and associates, through his own attorneys, he made an affidavit for the insurance company which was the reason for its defending the claims. The negligence charged against Wasserman was fast driving. In this affidavit he swore that he did not drive faster than twenty-five miles an hour and that no one in the car complained to him about driving too fast or asked him to drive slower; no remarks were made to him whatever about driving. This was important evidence bearing upon both the question of negligence and of contributory negligence of the plaintiffs. (*Clark* v. *Traver*, 205 App. Div. 206; affd., 237 N. Y. 544.)

As the time of the trial drew near, Jacob Wasserman suddenly lost his memory. He could not recollect how fast he was driving and he could not recollect whether the people in the car had warned him or not. The investigator preparing the case for the company interviewed him in the court room during the trial preparatory to calling him in as a witness. His statement then was that he could not remember. The defendant did not call him on the trial of the negligence cases because of this failing memory. Who can tell whether Jacob Wasserman was telling the truth when he made the affidavit or when he said at the time of the trial that he could not remember. A failing memory may be a false excuse as well as a true one. A witness has been sent to jail for perjury who falsely testified to loss of memory. (*People* v. *Doody*, 172 N. Y. 165.) The testimony of Wasserman, if given according to his affidavit, was at least material on the trial of the negligence cases.

It might have helped the defendant and the insurance company and again it might not have been of any avail. This, however, is not the point. The insurance company was entitled to the defendant's assistance and to a truthful statement of the cause of the accident. Wasserman never claimed that he made a false affidavit but simply stated that he could not remember about the accident in these particulars.

We think it was a question for the jury whether Wasserman had actually forgotten or whether he was feigning, falsifying and willfully trying to help the plaintiffs to recover against him and thus reach a recovery against the insurance company. To be plain, it is a question for the jury to say whether Wasserman was deliberately aiding the plaintiffs to get money out of the insurance company by making believe that he had forgotten his statements for the insurance company or the facts that might help it and thus failing to render all co-operation and assistance in his power in the defense of the actions.

There was no waiver as matter of law. At the time the insurance company undertook the defense it had Wasserman's affidavit; not until the time of the trial approached did Wasserman claim that he had forgotten about the speed of the car or whether the occupants of the car spoke to him or not.

For the reasons here stated, in each action the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., not sitting.

Judgments reversed, etc.