**NEW JERSEY FIDELITY & PLATE GLASS INS. CO. v. McGILLIS.**

No. 244.

Circuit Court of Appeals, Tenth Circuit.
Sept. 2, 1930.

H. A. Rich, of Salt Lake City, Utah (J. R. Thomas and S. A. Dahlquist, both of Salt ·Lake City, Utah, on the brief), for appellant.

E. A. Rogers, of Salt Lake City, Utah (Allen T. Sanford, of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

Charles W. McGillis and' wife and Joe Goldstein and wife, all of Salt Lake City, went on an automobile trip to the northwest in Mr. McGillis' car, the two latter being guests of the two first named. McGillis drove the car about two-thirds of the time, and at his request Mr. Goldstein would now and then take the wheel and relieve him. While Goldstein was driving at McGillis' request in the late evening on the return trip, the car, then traveling about 34 miles per hour, left the roadway, ran into a telegraph pole and Mrs. Goldstein received personal injuries. She sued McGillis in the state court and recovered damages. McGillis satisfied the judgment by giving Mrs. Goldstein his note with collateral security for its amount. There was no evidence of fraud or collusion between McGillis and Mrs. Goldstein. McGillis held an automobile accident policy issued by appellant. The policy is not in the record. From the pleadings, and briefs it appears to be agreed that the insurance was against loss from liability imposed by law upon McGillis for damages on account of bodily injuries accidentally suffered by any .person by reason of the ownership or use of the McGillis car. The policy gave the insurer exclusive right to settle any claims or suits, prohibited settlements by the assured without written authority, precluded him from interfering in any way respecting negotiations for settlement of claims or suits, except upon request, and provided that McGillis should "not voluntarily assume or admit any liability for an accident, and no loss arising from a liability which has been voluntarily assumed or admitted by the Assured shall be covered" by the policy. McGillis promptly notified appellant's agent at Salt Lake City of the accident to Mrs. Goldstein and made a written statement, covering four pages of the printed record, to appellant's local counsel as to how the accident occurred. Appellant's counsel took full charge of McGillis' defense to Mrs. Goldstein's suit and filed motion for new trial after she obtained a verdict, without notice to McGillis up to that time, nor until shortly before this suit was brought, that he had done or omitted to do anything by which the insurer was 'discharged of liability. After McGillis had satisfied the Goldstein judgment in the manner stated, he brought this suit against appellant on the policy and recovered the loss he had sustained to the extent of the amount of the note he had given to Mrs. Goldstein in discharge of her judgment.

Appellant in its answer set up these defenses: 1. That at the trial of the action of Mrs. Goldstein against McGillis, McGillis upon cross examination, contrary to the advice and instructions of appellant, stated to the jury that he was insured, for the purpose of influencing the jury to return a verdict against him. But this statement of McGillis about his having insurance on his car was brought out on cross examination by Mrs. Goldstein's attorney. It was part of a conversation between McGillis and appellant's local agent in the latter's office a few days after the accident, when Mr. Goldstein was present and at a time when Mr. Goldstein did not think his wife's injuries were serious. He said at that time there was nothing the matter with her. No objection appears to the inquiry made of McGillis on cross examination. Moreover, Goldstein had already testified that McGillis was insured and so far as the record shows that also went in without objection. 2. The answer further pleaded that McGillis concealed information from defendant as to the cause of said accident, and at the trial of Mrs. Goldstein's case testified on cross examination, voluntarily assuming and admitting his liability for the accident. Again, this testimony was elicited on cross examination. The question propounded to

McGillis does not appear, nor that any objection to it was made. This is the answer of McGillis to the question on cross examination: "I might try to explain that by saying that right after the accident Mr. Goldstein was very much troubled, started crying and he said, 'It is all my fault,' I said, 'Well, I wouldn't say that, Joe. I think it was my fault.'" Obviously, it cannot be said that this testimony was a voluntary statement. This statement was not in McGillis' written report to appellant's counsel as to how the accident occurred, although it is claimed that at the time the written report was made, all conversations at the time of the accident were inquired about of McGillis. He went into great detail in the written report, and there is nothing to indicate that in making it he purposely concealed anything that occurred or any statements made or conversation at the time of the accident. It is not at all improbable that questions to him while on the witness stand refreshed his memory as to minor details. Furthermore, it appears that Mr. Goldstein was somewhat hysterical when this remark was made by McGillis, and it was doubtless an attempt on his part to console Goldstein. There is no doubt how the accident occurred and its cause. It was in the night time. The car struck something in the road and Goldstein lost control. The defenses that have been noticed are trivial. Appellant is estopped to raise these defenses. Meyers v. Continental Casualty Co. (C. C. A.) 12 F.(2d) 52; Commercial Casualty Ins. Co. v. Fruin-Colnon Cont. Co. (C. C. A.) 32 F.(2d) 425. 3. The answer also denies that McGillis had paid Mrs. Goldstein's judgment. Mrs. Goldstein testified that she took the note secured by collateral in payment of her judgment on the advice of her attorney, that Mr. McGillis was able to pay and she fully expected to collect. A copy of the note is in the record. There is not the slightest suggestion of bad faith in that transaction.

■ Appellant's counsel in their brief say that the grounds of their defense were, (1) that McGillis had failed to co-operate in the defense of the Goldstein action, (2) that the Goldstein judgment was obtained with the aid and collusion of McGillis, and (3) that in the trial of that case McGillis voluntarily assumed responsibility and admitted liability without notice to appellant. We have noticed the facts on which those claims are made. At the close of the testimony the court directed a verdict for appellee. We think that was not error. The defenses are wholly without merit. Furthermore, appellant took full charge of McGillis' defense to Mrs. Goldstein's action, and its counsel were fully apprised of the facts on which they now rely as defense in the present action before the trial of Mrs. Goldstein's case was closed. They filed a motion for new trial, took from McGillis under the terms of his policy his right to defend or settle that action in his own way, and thereafter for the first time undertook to repudiate liability on the policy. The right fully exercised by insurer, to the exclusion of insured, broadened the liability of insurer beyond that of a strict indemnitor. Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184; Rose & Son v. Zurich General A. & L. Co., 296 Pa. 206, 145 A. 813.

The judgment is affirmed.