W. J. F. Company, Inc., Appellant, v. The Empire Garage Corporation and Morris N. Reider, Respondents.— Judgment unanimously modified by allowing one bill of costs, and as so modified affirmed, with costs of this appeal to the respondents. No opinion. Settle order on notice. Present — Martin, P. J., O'Malley, Townley, Untermyer and Dore, JJ.

Gerald Pearlman, an Infant, by His Guardian ad Litem, Alexander Pearlman, and Alexander Pearlman, Appellants, v. New Amsterdam Casualty Company, Respondent.— Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion denied. (See *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; 211 id. 840; affd., 240 N. Y. 627.) Present — Martin, P. J., O'Malley, Townley, Untermyer and Dore, JJ.; Untermyer, J., concurs in result. The date for the examination to proceed to be fixed in the order. Settle order on notice.

## (March 21, 1941.)

In the Matter of the Application of Winnifred Zillah Glucksman, for Determination as to the Construction and Effect of a Disposition of Property Contained in the Last Wills and Testaments of Miriam C. Levy, Deceased.

Winnifred Zillah Glucksman, Petitioner-Appellant; Carmen Sylvia Bernheim and Lisa May D'Azevedo, Respondents.

The decree denies petitioner's application for a determination that a certain indenture, bearing date the 7th day of November, 1935, made by decedent, wherein she provided for payment of £1,000 to her daughter, Carmen Sylvia Bernheim, and two wills made by said decedent, one made in Jamaica, British West Indies, and the other in New York city, and the codicil to the will made in New York city be construed to mean that the decedent intended said £1,000 to be paid out of decedent's property in New York.

Decree affirmed, with costs to the respondents payable out of the estate. No opinion.

Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.; Untermyer, J., dissents in opinion in which Cohn, J., concurs. [174 Misc. 923.]

Untermyer, J. (dissenting). Although the circumstances referred to by the surrogate might perhaps, in the absence of other indications, justify an inference that it was the intention of the deceased to charge the sum of £1,000 against her Jamaica estate, they do not constitute an *express* declaration to that effect as required by the terms of her Jamaica will. It is manifest that that condition was imposed by the deceased in order to avoid the sale, at a sacrifice, of shares owned by her in a closely held Jamaica corporation.

The decree of the surrogate should be reversed and it should be held that the amount of £1,000 constitutes a charge against the New York estate of the deceased.

Cohn, J., concurs.