### STACEY v. FIDELITY & CASUALTY CO. et

Ohio Appeals, 6th Dist., Huron Co.

No. 200. Decided Sept. 29, 1925

647. INSURANCE—Automobile—1. When statute provides that judgment creditor may have recourse against company to reach and apply the insurance money for satisfaction of his judgment, "insurance money" means such as is only recoverable on the policy by the insured.

2. When policy provides that insured is to notify company with written account of accident immediately thereafter, this is the essence of the policy and liability is assumed by the company only under such terms.

RICHARDS, J.

This was an action by Charles Stacey against the Fidelity & Casualty Co. and an owner of an automobile, in the Huron Common Pleas, who was insured in the Company. Stacey sought to recover the amount of a judgment awarded him as plaintiff in a personal injury case.

Stacey alleged that James Troyan the owner of the car drove it so that he received personal injuries and that in the action, he recovered a judgment of $500 which is still in full force and effect. The Company answered that Troyan was obligated, by the terms of the policy to inform it immediately of any accident, which he did not do, and that Troyan also failed to notify the Company that a law suit had been brought against him and the company had no knowledge of such suit until long after the rendition of judgment. A demurrer was sustained to this answer and it was overruled. Stacey did not plead further and judgment was rendered dismissing his petition. Error was prosecuted and the Court of Appeals held:

1. Since the conditions of the policy require that the assured shall give the Company immediate written notice of the accident, and these provisions are clearly the essence of the contract, no action would lie on the policy unless they have been complied with.

2. The liability assumed by the company is assumed under the terms and provisions of the policy and not otherwise.

3. The policy, it is true, must be construed in connection with 9510-3 and 9510-4 GC. and Stacey insists under 9510-3 GC. that the liability of the insurance company became absolute.

4. That section cannot be construed to de-

bar the company from setting up any defense which it may have, and to construe the statute so as to inhibit the company from making these defenses would be depriving it of its day in court.

5. Sec. 9510-4 GC. in providing a remedy for a judgment creditor enacts that he may proceed "against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." The insurance money can only mean such money as was recoverable on the policy by the insured against the company issuing the policy. Assurance Corp. v. Roehm, 99 OS. 343.

Judgment affirmed.

Attorneys—Young & Young, Norwalk, for Stacey; Howell, Roberts & Duncan, Cleveland, for Company.