Hart, J.
 

 This supplemental action was brought under Sections 9510-3 and 9510-4, General Code, to have the insurance money, provided for in a motor-vehicle-liability-insurance contract between the insurance company and the defendant, Karl Stern, applied in satisfaction of a judgment rendered in the Common Pleas Court of Summit county against defendant Stern, in an action by plaintiff for personal injuries.
 

 In substance these sections provide (1) that in respect to every contract of insurance against third-party risks on account of bodily injury or death by accident, whenever a loss occurs on account of a casualty covered by such contract of insurance, “the liability of the insurance company shall become absolute,” and the
 
 *357
 
 payment of the loss shall not depend upon the satisfaction hy the assured of a final judgment against him for loss, or damage or death occasioned by such casualty, and that “no such contract of insurance shall be can-celled or annulled by any agreement between the insurance company and the assured, after the said insured has become responsible for such loss or damage or death, and any such cancellation or annulment shall be void”; and (2) that, upon the recovery of a final judgment against any person, firm or corporation, by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against such loss or damage at the time when the right of action arose, “the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment,” and, if the judgment is not satisfied within 30 days after the date when it was rendered, the judgment creditor “to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a, supplemental petition wherein the insurer is made new party defendant in said action,” and “thereafter the action shall proceed as to the insurer as in an original action at law.”
 

 As was suggested by the opinion of this court in the case of
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718, “If the language of Section 9510-3 should be taken, in its literal sense, and the interpretation of the plaintiff be adopted, the insurance company would have no ground of defense, and immediately upon the occurrence of an accident, resulting in loss and damage, would be bound to pay, and all questions of contributory negligence, proximate cause, and other elements bearing upon the right to recover, would be eliminated.”
 

 
 *358
 
 While the statutes in question declare that the liability of the insurance company shall become absolute, to be valid they must be interpreted to mean “ ‘that the payment of the loss shall not depend upon the satisfaction by the assured of a final judgment against him for a loss or damage or death occasioned by such casualty’ ”
 
 (Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York, supra),
 
 and that the amount of loss shall not thereafter be open to dispute
 
 (Lorando
 
 v.
 
 Gethro,
 
 228 Mass., 181, 117 N. E., 185); and while Section 9510-4, General Code, provides that an injured person may, by supplemental petition, proceed against the insurance company after judgment is obtained against the insured who was responsible for the injury, this must be interpreted to mean that such right is subject to the limitations and conditions of the insurance contract entered into between the insurance company and the insured, including conditions subsequent to be performed by the insured after an injury covered by the policy occurs, which conditions become conditions precedent to a right of action on the policy.
 
 Clements
 
 v.
 
 Preferred Accident Ins. Co. of New York
 
 (C. C. A. 8), 41 F. (2d), 470;
 
 Ocean Accident & Guarantee Corp., Ltd.,
 
 v.
 
 Lucas
 
 (C. C. A. 6), 74 F. (2d), 115, 98 A. L. R., 1461;
 
 Storer
 
 v.
 
 Ocean Accident & Guarantee Corp., Ltd.
 
 (C. C. A. 6), 80 F. (2d), 470;
 
 Western Casualty & Surety Co.
 
 v.
 
 Beverfordsen
 
 (C. C. A. 8), 93 F. (2d), 166;
 
 Myers
 
 v.
 
 Ocean Accident & Guarantee Corp., Ltd.
 
 (C. C. A. 4), 99 F. (2d), 485;
 
 Employers Liability Assurance Corp.
 
 v.
 
 Ryan
 
 (C. C. A. 6), 109 F. (2d), 690. See also
 
 Rothman
 
 v.
 
 Metropolitan Casualty Ins. Co.,
 
 134 Ohio St., 241, 16 N. E. (2d), 417;
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co.,
 
 21 Ohio App., 70, 152 N. E., 794, affirmed
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co., supra.
 
 Otherwise, there would be no occasion for a supplemental action wherein the insurance company is made a defendant, and through service of summons upon it is
 
 *359
 
 subjected to an independent judgment, all as provided for by tbe statute. Garnishment would be sufficient.
 

 Tbe conditions and limitations of tbe policy are en-forcible, not only against tbe insured but against all persons who seek relief under it. Otherwise, tbe statute would violate tbe due process clause of tbe Constitution.
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York, supra.
 

 Tbe authorities are in practical unanimity on this subject. A clause in an insurance policy requiring tbe insured’s cooperation, aid and assistance in a defense of an action against him is a material condition of tbe policy, tbe violation of which by tbe insured forfeits bis rights to claim indemnity under tbe policy. It is a condition precedent, failure to perform which, in tbe absence of waiver or estoppel, constitutes a defense to liability on tbe policy.
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York, supra; Royal Indemnity Co.
 
 v.
 
 Morris,
 
 37 F. (2d), 90,
 
 certiorari
 
 denied,
 
 Morris
 
 v.
 
 Royal Indemnity Co.,
 
 281 U. S., 748, 74 L. Ed., 1160, 50 S. Ct., 353;
 
 Bachhuber
 
 v.
 
 Boosalis,
 
 200 Wis., 574, 229 N. W., 117;
 
 Metropolitan Casualty Ins. Co.
 
 v.
 
 Blue,
 
 219 Ala., 37, 121 So., 25;
 
 Guerin
 
 v.
 
 Indemnity Ins. Co. of North America,
 
 107 Conn., 649, 142 A., 268;
 
 Coleman
 
 v.
 
 New Amsterdam Casualty Co.,
 
 247 N. Y., 271, 160 N. E., 367, 72 A. L. R., 1443.
 

 And tbe insured’s failure to comply with tbe cooperation clause in bis indemnity insurance policy constitutes a good defense to bis insurer as against a person injured by the fault of tbe insured, seeking, under and by virtue of tbe statutes in question, to recover against tbe insurer for bis injury.
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York, supra; Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241;
 
 Bachhuber
 
 v.
 
 Boosalic, supra; Metropolitan Casualty Ins. Co.
 
 v.
 
 Blue, supra; Coleman
 
 v.
 
 New Amsterdam Casualty Co., supra; Lorando
 
 v.
 
 Gethro,
 
 228 Mass., 181, 117 N. E., 185, 1 A. L. R., 1374;
 
 Seltzer
 
 v.
 
 Indem
 
 
 *360
 

 nity Ins. Co. of North America,
 
 252 N. Y., 330, 169 N. E., 403.
 

 The plaintiff contends, however, that under the statute her rights in the policy were fixed at the time her cause of action arose against the defendant Stern, which is the date of her injury, or, at the latest, that her rights were fixed as of the date her original action was filed; that up to that time the alleged lack of cooperation on the part of Stern had not taken place; that the alleged lack of cooperation, which was the subject of litigation in the case of
 
 Luntz et al, Exrs.,
 
 v.
 
 Stern, supra,
 
 culminating in the judgment which is set up as a defense in the supplemental answer herein, did not occur with reference to or in connection with her claim against Stern; and that such lack of cooperation as to the Luntz claim cannot affect her right to recover on the policy issued by the insurer.
 

 It is apparent that the rights of the plaintiff must be based upon the terms of the contract of insurance between the insurer and the insured, and that this contract must be valid and in force and effect at the time she seeks to enforce her claim under it. Cooperation of the insured with the insurer, in the defense of any claim asserted against it, is alleged to be one of the conditions of the policy. When, as alleged, that condition was broken, the policy came to an end, if the insurer so elected, and it did so elect. The date of the accident or date when the injured parties may acquire a potential interest in the proceeds of the policy has nothing to do with fixing the time when the policy may become inoperative or void by failure of the insured to perform conditions subsequent therein, except that under the statute the policy may not be cancelled or avoided by agreement of the parties to it.
 

 It is conceivable that the policy might be valid and in force when one judgment creditor of the insured succeeds in asserting his rights against the insurer, and that by reason of a subsequent breach of the con
 
 *361
 
 tract through failure of the insured to perform a condition subsequent,, the policy might thereafter become void before another judgment creditor is able to enforce his claim against the insured and for that reason fail. In other words, the failure on the part of the insured in this case, without collusion or fraudulent conduct with the insurer, to perform conditions subsequent in relation to the claim of
 
 any
 
 judgment creditor of the insured arising under the policy of insurance must affect all such claims thereafter asserted, because if the policy, which, from the pleadings in this case, seems to have been an indivisible contract and to have been declared null and void as such, becomes void by nonperformance of the insured, it is void as to all parties who may thereafter claim under it.
 

 The supplemental answer of the insurance company to the supplemental petition of the plaintiff in this case pleads as a bar the judgment in its favor in the case of
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 No. 27192 in this court,
 
 supra,
 
 in which the plaintiffs, executors of Luntz, were denied a recovery against the insurance company because Stern had failed to cooperate with the insurance company in defending the Luntz action against him. The insurance company here claims that the judgment in its favor in the supplemental action in the
 
 Luntz case
 
 is determinative of this action in its favor because Stern is bound by that judgment, and
 
 a fortiori
 
 the plaintiff is. likewise bound because her right is dependent upon the validity of the insurance contract as between the insurance company and Stern, an issue of fact which was determined in that action. On the other hand, the plaintiff claims that the judgment in the
 
 Luntz case
 
 is not
 
 res judicata
 
 against her because she was not a party to that action. Does the supplemental answer of the insurance company to the supplemental petition of the plaintiff herein set out a good defense? This, it is submitted, is the crucial issue in this case.
 

 In the case of
 
 Wright, Admr.,
 
 v.
 
 Schick,
 
 134 Ohio St.,
 
 *362
 
 193, 16 N. E. (2d), 321, 121 A. L. R., 882, this court held that:
 

 “If, in such an action, the defendant and the insurer were in reality adversaries on the controlling issue as to whether the insurance policy was in force at the time of the plaintiff’s injuries, and such issue is in fact litigated and finally determined, it is
 
 res judicata
 
 as between defendant and the insurer in any subsequent action wherein the defendant and the insurer are aligned as adverse parties on such issue.”
 

 And. this court further held that:
 

 “When the plaintiff recovers a final judgment against the insurer upon the sole basis that the insurance policy was in force at the time of the injuries, such adjudication is determinative of the result in an action brought under Section 9510-4, General Code (108 Ohio Laws, pt. 1, 386), by another plaintiff who was personally injured by the defendant at the same time and in the same occurrence as the plaintiff first mentioned, and in which latter action the defendant and the insurer are again opposing parties on the controlling issue as to whether the insurance policy was operative at the time of the injuries.” See, also,
 
 Ohio Casualty Ins. Co.
 
 v. Gordon, 95 F. (2d), 605, 609.
 

 These decisions are not on the ground that the judgment in favor of the plaintiff against the insurance company in the first action is
 
 res judicata
 
 directly in favor of the plaintiff in the second action, but on the ground that the judgment in the first action operates asa bar against the insurer in favor of the insured. It is true that in the
 
 Schick case
 
 above cited neither the causes of action nor the parties plaintiff were the same in the original actions; nevertheless, the judgment in the supplemental action in the first ease was held to estop the insurance company from again claiming the invalidity of the insurance contract in the second supplemental action. It is well recognized that a final judgment or decree of a court of competent jurisdic
 
 *363
 
 tion upon the merits of a case is a "bar to any future action between the same parties or their privies upon the same cause of action.; but it must also be recognized that a point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different. In the first instance, the
 
 res
 
 which is
 
 judicata
 
 is the cause of action, but in the second, the
 
 res
 
 which may be
 
 judicata
 
 is the particular issue or fact common to both actions. 2 Black on Judgments (2 Ed.), 764, Section 504;
 
 Keith
 
 v.
 
 Wiliers Truck
 
 Service, 64 S. D., 274, 266 N. W., 256, 104 A. L. R., 1471; see annotation 88 A. L. R., 574.
 

 While the insured and insurer in the
 
 Schick case
 
 were joined as codefendants in the first supplemental action, they were, nevertheless, adversary parties because the question of the validity of the insurance contract and the question as to whether the insured was indemnified by such contract were involved and decided, and since the question as to whether the policy was in effect had been litigated between them as adversaries in the first supplemental action in favor of the insured, it could not be raised again in the second supplemental action in which they were likewise co-defendants. The plaintiff in the second action, Bertie Wright, who had also been injured by the insured, had the benefit of the application of the doctrine of estoppel by judgment, not in her own right, but as a result of the litigated fact in favor of the insured in the first action to whom the benefit of
 
 res judicata
 
 was accorded in the second action.
 

 In the case at bar, for like reason, the finding against the insured in the
 
 Luntz case
 
 as to the validity of the insurance contract must operate conversely as
 
 res judicata
 
 against him and in favor of the insurance com
 
 *364
 
 pany in the present case. Restatement of Judgments (Tentative Draft No. 1), 130, Section 330. Does it operate as an estoppel as well against the plaintiff, Helen Conoid, who was not a party to the Luntz action? May she have the question of the validity of the insurance contract relitigated in this action, or do her rights in the contract fall with those of the insured?
 

 The supplemental petition of the plaintiff in order to make out a cause of action against the insurance company pleads as an essential allegation not only that she had secured judgment against Stern but that at the date of her accident there was in full force and effect the insurance policy in question by the terms of which the insurance company was obligated to Karl Stern to indemnify him against liability resulting from injuries which she received at his hands. The contract of insurance between Stern and the insurance company, which is the basis of the claim of the plaintiff, was not one required by law to be given for the protection of persons injured through the operation of his automobile in which an absolute liability may be predicated against the insurer
 
 (Kruger
 
 v.
 
 California Highway Indemnity Exchange,
 
 201 Cal., 672, 258 P., 602), but a voluntary contract entered into by Stern with the insurance company primarily for his own benefit but also for the benefit of third parties who might be injured by the operation of his automobile. It is a contract between the insured and the insurer wherein the obligations of each party to the other are clearly defined, and wherein certain limitations and conditions are imposed upon the respective contracting parties affecting the validity of the contract and the rights of each under it. The statutes in question do not contravene or void any of these limitations or conditions, but provide only that if the contract is valid and in force as between the parties to it, a third party may, if a judgment against the insured for an injury covered by the policy is not satisfied within 30 days after it is rendered, proceed
 
 *365
 
 against the insurer, and further provide as a protection to such injured party or parties that no cancellation of the contract shall be made by an agreement of the parties after an injury occurs. Third parties may not alter its terms or make it more beneficial to them than it is to the insured for whose protection it was issued. The rights of injured persons under and by reason of any such policy are limited by and dependent upon the terms and conditions of the contract, and the right of the plaintiff in this case must be dependent upon the right of Stern to enforce his contract. The right of a judgment creditor of the insured against the insurer, if any, is a derivative right implied in law by way of subrogation to the rights of the insured against the insurer. Hence, the right of a judgment creditor against the insurer can rise no higher than the rights of the insured judgment debtor against such insurer.
 

 This rule of law is well stated in 12 American Jurisprudence, 842, Section 289, as follows:
 

 “Even in jurisdictions which recognize the right of a beneficiary to enforce the contract, the agreement between the promisor and promisee must possess the necessary elements to make it a binding obligation — in other words, it must be a valid agreement between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. His rights depend upon, and are measured by, the terms of the contract. The right of a third person for whose benefit a promise is made is affected with all the infirmities of the contract as between the parties to the agreement. Unless the third person has been induced to alter his position by relying in good faith upon the contract made for his benefit or unless a novation has been effected, the promisor may set up any defense or equity against him which he could have set up as against the promisee.” See, also,
 
 Electric Appliance Co.
 
 v.
 
 U. S. Fidelity & Guaranty Co.,
 
 110 Wis., 434, 85 N. W., 648, 53 L. R. A., 609;
 
 Malanaphy
 
 v.
 
 Fuller & J. Mfg. Co.,
 
 125 Iowa, 719,
 
 *366
 
 101 N. W., 640;
 
 Meyerson
 
 v.
 
 New Idea Hosiery Co.,
 
 217 Ala., 153, 115 So., 94, 55 A. L. R., 1231.
 

 In this instant supplemental action of another judgment creditor of Stern against the insurance company, the right of Stern against the insurer cannot be re-litigated. His right against the insurance company was fully litigated in the former supplemental action and the judgment against him in that case stands a bar for all time. Restatement of Judgments (Tentative Draft No. 1), 130, Section 330. Must it not also be a bar against any third party whose right, if any, against the insurance company is derived from and dependent upon a valid right of Stern against the insurance company? It is inconceivable that the insurance company should be held liable to the plaintiff and at the same time not be required to indemnify Stern in case he should be required to pay the Conoid judgment, he being the only party to whom it owed contractual obligations.
 

 Res
 
 judicata
 
 or estoppel operates not only between parties to an action but between parties, and others not parties, as to the derivative rights of the latter which flow from those who were adversary parties in the action. Where a court of competent jurisdiction finds that a legatee under a will receives 'the legacy, not in her own right, but as a trust fund to be held for her by another, a judgment creditor of the legatee seeking to subject the fund to the. payment of its judgment, although not a party, is bound by the decree as to the character of the fund because it is in privity with the legatee.
 
 First National Bank of Bolivar
 
 v.
 
 Burns
 
 (Mo. App.), 199 S. W., 282. Unsecured creditors of a mortgagor, though not parties by name or service of process, are represented in a suit for foreclosure by their debtor, the mortgagor, and the decree and sale which bars the mortgagor, in the absence of fraud, bars them.
 
 St. Louis-San Francisco Ry. Co.
 
 v.
 
 McElvain,
 
 
 *367
 
 253 F., 123, 130. See
 
 Hopper
 
 v.
 
 Nicholas,
 
 106 Ohio St., 292, 302, 140 N. E., 186.
 

 In the
 
 Schick case
 
 where, in a former action, the insurance contract was held valid as between the insurer and insured, the injured plaintiff in the second action was subrogated to the adjudicated rights of the insured against the insurer. Conversely, but for like reason, since the insurance contract was held void as between the insurer and the insured in the Luntz action, the injured plaintiff in this case, limited to a derivative right from the insured, is barred as her insured is barred from recovery against the insurance company.
 

 There is no claim under the pleadings in this case that any agreement was made between Stern and the insurance company to cancel the policy of insurance or that the former’s failure to cooperate was in collusion with the insurance company to defeat the claim of the defendant.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Williams, Zimmerman and Bettman, JJ., concur.
 

 Weygandt, C. J., and Turner, J., dissent.
 

 Matthias, J., not participating.