Turner, J.
It is the contention of respondent that .relatrix is not entitled to a peremptory writ of mandamus for the reason that her decedent died more than eight years after the date of his injury. While the fact of the death of claimant’s decedent more than •eight years after the date of his compensable injury would have been ground for .rejection of the claim by the commission or on appeal, such question is not be■fore us at this time.
It is alleged in the petition and admitted in the answer that the Court of Common Pleas on appeal found that the claimant had a right to participate in the state insurance fund and that such judgment became final.
' The question here presented is whether the respondent has complied with the finding and certificate of the Court of Common Pleas.
The record discloses that the following., action was taken by the commission upon receipt of the certificate •of the.Court of Common Pleas:
“11/24/41. That funeral bill in the statutory amount of $200 be paid, and that the commission find from the proof of record that no death benefits can be awarded the widow since the decedent’s death occurred more than eight years after the date of the injury.”
It would be a travesty indeed if, after the General Assembly had provided that an appeal might be taken *246 to the Court,of Common Pleas from the Industrial Commission and after the court had found the plaintiff was entitled to participate in the fund, the commission might thereafter say such plaintiff was not entitled to participate. Yet that is exactly the situation we have here.
We think that all questions bearing upon the right of relatrix to participate in the state insurance fund were settled by the finding and certificate of the Common Pleas Court. Section 1465-90, General Code, contains the following provision:
“The commission shall definitely and specifically pass upon each and every issue raised in the claim necessary for a proper and complete decision thereon. In all claims for compensation on account of injury, or death resulting therefrom, if the commission denies the right of the claimant to receive compensation or to continue to receive compensation the order of the commission shall state the ground or grounds on which the claim ivas denied.” (Italics ours.)
The foregoing provisions, being placed in the appeal section, evidence the purpose to avoid a multiplicity of appeals by requiring the appeal record to disclose all reasons for the denial of the claim, so that claimant’s right to participate in the fund may be settled finally in the one appeal.
In the instant case the order of the commission on rehearing states:
“That the claim be disallowed on rehearing for the reason' that decedent’s death was not the result of an injury sustained in the course of and arising out of employment with the employer named therein.”
Where a claim for benefits is filed under Section 1465-82, General Code, the following matters are necessarily placed in issue and a finding on each is necessary7 for a propér and complete decision on the claim, to wit:
*247 (1) Unless the death occurred within the period of two years from the date of the compensable injury, claimant must show either that compensation or disability on account of injury has been continuous to the death of the injured person and the death is the result of such original compensable injury.
(2) That such death occurring after two years did occur within eight years after the date of the compensable injury.
(3) That claimant is a dependent.
The foregoing issues were each and all before the Court of Common Pleas. That court’s judgment having become final, the parties thereto are bound thereby and no matter which was or might have been there litigated may afterwards be re-examined in any proceeding between the parties or their privies.
In respect of a judgment entered by the Court of Common Pleas and certified to the Industrial Commission, this court held in the case of State, ex rel. Kauffman, v. Industrial Commission, 121 Ohio St., 472, 169 N. E., 572:
“* * * it becomes the duty of the commission upon receiving such certificate to recognize the verdict and judgment as awarding some disability and to proceed to inquire the extent of such disability.”
We cannot agree with the contention of respondent that under the facts of this case: “A reasonable interpretation of this language [Section 1465-90] appears to be that the granting of the right to participate does not necessarily import a meaning that the Industrial Commission must grant some compensation pursuant to such a mandate by the Court of Common Pleas.” In this case the statute fixes a minimum participation or benefit.
Respondent argues that: “If the mandate of the Court of Common Pleas granting the right to participate would enable the court to direct some compensa *248 tion, this would certainly seem to be an invasion of the jurisdiction of the commission by the court.”
The complete answer to this contention is that if the commission has the right to refuse to grant any compensation or benefits after a judgment by the Court of Common Pleas granting the right to participate, then.the appeal provision of Section 1465-90, General Code, would be futile. Every defense available to the commission must be presented to the Court of Common Pleas or waived. Such unpresented defense may not thereafter be urged in any further proceeding or action between the same parties.
We agree with the contention of respondent that the-Court of Common Pleas “had no jurisdiction to inquire-at all into the amount of compensation.” There is nothing in the record to suggest that the Court of Common Pleas attempted to inquire into the amount of compensation. The respective duties of the Court of Common Pleas and the Industrial Commission are-fixed in the foregoing respect by the following language of Section 1465-90, General Code:
“If the finding of the court or the verdict of the jury is in favor of the claimant’s right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards.”
Upon receipt of the certificate from the Court of Common Pleas it was the duty of respondent to fix the amount of the award in accordance with paragraph 2 of Section 1465-82, General Code (117 Ohio Laws, 111),, which, at the time of the death of the workman, provided :
“2. If there are wholly dependent persons at the time of the death, the payment shall be sixtv-six and *249 two-thirds per cent of the average weekly wages, not to exceed eighteen dollars and seventy-five cents per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of six thousand five hundred dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death.” (Italics ours.)
The question of the right of relatrix to participate having become res judicata by the finding of the Court of Common Pleas, it is the duty of the commission to award and pay relatrix as provided in Section 1465-83, General Code, at least the minimum benefits provided in Section 1465-82, General Code.
In the case of Hixon v. Ogg, 53 Ohio St., 361, 42 N. E., 32, it was held:
“Where issue has been joined on a material fact in an action, and the issue judicially determined and and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject matter from the first. In this respect it is immaterial that one of the actions may have been ex contractu and the other ex delicto.”
In the case of Conold v. Stern, 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003, it was held in the second paragraph of the syllabus:
“A point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the *250 cause of action in the two actions be identical' or different.”
In 23 Ohio Jurisprudence, 962, Section 731, it is said:
“The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, public policy, public tranquility, and natural justice, which do not favor a multiplicity of actions] and which require that litigation shall not be interminable. To hold otherwise might be dangerous, often oppressive, and would open an endless avenue to contention and vexation. Without this fundamental doctrine in full force and effect it is declared that the proper enforcement of law would be quite impossible, as it would unsettle all the determinations of law. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted -again to harass and vex his opponent in a second action involving the same matter. * * *
“[page 964] This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order, because the aid of judicial tribunals would-not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such -tribunals in respect to all matters properly put in issue and actually determined by them. ’ ’
At page 985, Section 753, ibid, it is said:
“The doctrine of res judicata is applicable to defenses which were considered and determined, or which *251 coulcl properly have been considered and determined in the prior suit.” (Italics ours.)
In support of the foregoing statement a number of Ohio cases are cited in the note. See, also, 34 Corpus Juris, 902, Section 1312 et seq., and 30 American Jurisprudence, 908, Section 161 et seq.
If it be argued that the application of the eight-year limitation under Section 1465-82, General Code, as a bar to the right of relatrix to participate in the state insurance fund was not called to the attention of the Court of Common Pleas, the complete answer is that it should have been and that such issue was properly before the court, and is now res judicata.
The claim is advanced by respondent that the allowance of funeral expenses under Section 1465-89, General Code, constituted a complete compliance with the judgment of the Court of Common Pleas. That this is not true appears from the wording of Section 1465-89 which authorizes such disbursement to be made in addition to the compensation provided by the Workmen’s Compensation Act. Furthermore, Section 1465-82 (1) makes the following separate and specific provision for the expenses provided in Section 1465-89: ‘ ‘ (1) If there be no dependents, the disbursements from the state insurance fund shall be limited to the expenses provided for in section forty-two hereof.”
It follows, therefore, that a peremptory writ of mandamus should issue commanding the commission to pay to the relatrix not less than the minimum amount fixed by paragraph 2 of Section 1465-82, General Code, and in the manner provided in the first two paragraphs of Section 1465-83, General Code.

Writ allowed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.