THE STATE, EX REL. GENERAL ACCIDENT GROUP, APPELLANT, *v.*
CRAMER ET AL., JUDGES OF THE COURT OF COMMON PLEAS
OF BUTLER COUNTY, APPELLEES.

[Cite as State, ex rel. General Accident Group, v. Cramer,
7 Ohio St. 2d 83.]

(No. 40072—Decided June 29, 1966.)

84

*Messrs. Fitton, Pierce, Baden & Wynn* and *Mr. Thomas W. Baden,* for appellant.

*Mr. Maxwell Finkleman,* for appellees.

*Per Curiam.* Appellant insists that by reason of the judgment of this court in *Conold* v. *Stern,* 138 Ohio St. 352, it is on the horns of a dilemma. If it steps to its insured's defense in the tort action, it will not be permitted to impeach his probable testimony that he was the driver.* And, if that fact is found in that action, as privy with Lawson by reason of its policy of insurance, it will not be permitted to reopen that issue as against the Wellses in any subsequent proceeding, including the declaratory judgment action, if that action is not first heard.

However, appellant has shown no clear statutory right to the relief sought or any mandatory duty on the part of appellees which is being disregarded. Nothing in the Declaratory Judgments Act, Section 2721.01 *et seq.,* Revised Code, assists appellant, nor does Section 2311.05 *et seq.,* Revised Code, indicate that the order of trial of causes should be removed from appellees' province.

The writ of procedendo is an extraordinary remedy. It will not issue to compel a Court of Common Pleas to hear a declaratory judgment action (in which an insurer seeks to have determined the issue of whether its insured was the driver of an automobile involved in a collision) prior to hearing an action for personal injuries (in which the insured is defendant and is alleged to have been driving the automobile at the time of the collision), where the former action was instituted after the latter.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.

---

*The record does not disclose the basis of appellant's claim or Lawson's reaction to the claim. In oral argument, it was suggested that Lawson had informed the police officer investigating the accident that he was the driver of the automobile. We are singularly uninformed as to whether Lawson has made any statement under oath or whether he has been invited so to do.